**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51573**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD ALAN WILSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and unified, concurrent sentences of eighteen and one-half years, with minimum periods of confinement of four and one-half years, for two counts of possession of a controlled substance with the intent to deliver; and unified, concurrent sentences of eight and one-half years, with minimum periods of confinement of four and one-half years, for two counts of unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Richard Alan Wilson was found guilty of two counts of possession of a controlled substance with the intent to deliver (Idaho Code § 37-2732(a)(1)(A)) and two counts of unlawful possession of a firearm (I.C. § 18-3316).[1] Wilson admitted to being a persistent violator (I.C.

---

[1] Wilson was also found guilty of misdemeanor possession of paraphernalia; however, he does not challenge this conviction or sentence on appeal.

1

§ 19-2514).  The district court sentenced Wilson to unified terms of eighteen and one-half years, with minimum periods of confinement of four and one-half years, for each count of possession of a controlled substance; and unified terms of eight and one-half years, with minimum periods of confinement of four and one-half years, for each count of possession of a firearm by a convicted felon.  Wilson appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Wilson's judgment of conviction and sentences are affirmed.